| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **MEMORANDUM, ORDER,**<br>**AND JUDGMENT** |
| In re: ZYPREXA PRODUCTS LIABILITY LITIGATION | 04-MD-1596 |
| LINDA RUTLEDGE,<br><br>Plaintiff,<br><br>– against –<br><br>ELI LILLY & COMPANY,<br><br>Defendant. | 10-CV-3705 |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 1 8 2011 ★

BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Appearances:**

For the Plaintiff:

    Linda Rutledge, *pro se*
    Decatur, GA

For the Defendant:

    Nina M. Gussack
    Christopher J. Casalenuovo
    Pepper Hamilton LLP
    Philadelphia, PA

    Samuel J. Abate, Jr.
    Pepper Hamilton LLP
    New York, NY

1



## I. Introduction

Plaintiff Linda Rutledge sued defendant Eli Lilly & Company ("Lilly"), alleging that her kidney injuries, elevated blood pressure, elevated cholesterol, inability to urinate, weight gain, weakness, vomiting, and nausea, which were first diagnosed in late 1999 and early 2000, were caused by her treatment in 1999 with Zyprexa, a drug manufactured by Lilly. Defendant moves for summary judgment. For the reasons that follow, defendant's motion is granted.

## II. Background of Zyprexa Litigation

The present case is part of a massive and highly complex multidistrict litigation that has included claims by individual Zyprexa users, state attorneys general, third-party payors, and other entities alleging physical or financial injury. Some 30,000 cases have been brought against Lilly by individual plaintiffs suffering from serious psychiatric problems who were treated with Zyprexa. Like the present plaintiff, they principally allege that Zyprexa caused deleterious side effects, including excessive weight gain, hyperglycemia, and diabetes; that Lilly misled them and their physicians about the likelihood of these side effects; and that, had they or their attending physicians been aware of the risks, they would not have taken Zyprexa. The court has previously detailed the procedural history and factual background of this multidistrict litigation. *See, e.g., Mississippi v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.)*, 671 F. Supp. 2d 397 (E.D.N.Y. 2009); *Blume v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.)*, Nos. 04-MD-1596, 06-CV-2782, 2009 WL 3596982 (E.D.N.Y. Oct. 20, 2009).

Tens of thousands of individual claims have already been disposed of under the court's supervision. In view of the large number of cases recently filed in this national Zyprexa litigation and the numerous substantially similar motions for summary judgment that have been

2

decided, a short, summary order disposing of such motions is desirable except where unusual circumstances require special analysis. Repeated summary judgment motions and decisions have established a pattern applicable over a wide range of state laws. *Souther v. Eli Lilly & Co.*, 489 F. Supp. 2d 230 (E.D.N.Y. 2007) (applying Pennsylvania law and granting summary judgment with respect to one plaintiff on statute of limitations; applying Florida and North Carolina law and denying summary judgment with respect to three other plaintiffs); *Singer v. Eli Lilly & Co.*, No. 06-CV-1338, 2009 WL 1404978 (E.D.N.Y. May 19, 2009) (applying Pennsylvania law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, 396 F. App'x 715 (2d Cir. 2010) (summary order); *Clark v. Eli Lilly & Co.*, No. 06-CV-1600, 2009 WL 1514427 (E.D.N.Y. May 29, 2009) (applying Pennsylvania law and granting summary judgment on learned intermediary doctrine and lack of causation); *Ortenzio v. Eli Lilly & Co.*, No. 07-CV-987, 2009 WL 1514628 (E.D.N.Y. June 1, 2009) (applying West Virginia law and granting summary judgment on lack of causation); *Neal v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 1852001 (E.D.N.Y. June 22, 2009) (applying California law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 394 F. App'x 823 (2d Cir. 2010) (summary order); *Morrison v. Eli Lilly & Co.*, No. 08-CV-307, 2009 WL 1851062 (E.D.N.Y. June 22, 2009) (applying Missouri law and granting summary judgment on statute of limitations and learned intermediary doctrine); *Leggett v. Eli Lilly & Co.*, No. 06-CV-5115, 2009 WL 1850970 (E.D.N.Y. June 22, 2009) (applying California law and granting summary judgment on statute of limitations and learned intermediary doctrine); *Misouria v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 1851999 (E.D.N.Y. June 24, 2009) (applying California law and granting summary judgment on learned intermediary doctrine), *aff'd*, 394 F. App'x 825 (2d

Cir. 2010) (summary order); *Dean v. Eli Lilly & Co.*, No. 07-CV-4505, 2009 WL 2004540 (E.D.N.Y. July 1, 2009) (applying Florida law and granting summary judgment on learned intermediary doctrine); *Washington v. Eli Lilly & Co.*, No. 06-CV-2592, 2009 WL 2163118 (E.D.N.Y. July 13, 2009) (applying Michigan law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd sub nom. King-Washington v. Eli Lilly & Co.*, 394 F. App'x 827 (2d Cir. 2010) (summary order); *Smith v. Eli Lilly & Co.*, 653 F. Supp. 2d 181 (E.D.N.Y. 2009) (applying Arkansas law and granting summary judgment on learned intermediary doctrine); *Pruett v. Eli Lilly & Co.*, No. 07-CV-1931, 2009 WL 2245068 (E.D.N.Y. July 22, 2009) (applying Alabama law and denying summary judgment); *Carey v. Eli Lilly & Co.*, No. 06-CV-2798, 2009 WL 2487305 (E.D.N.Y. July 27, 2009) (applying Virginia law and granting summary judgment on learned intermediary doctrine); *Fuller v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 2485829 (E.D.N.Y. July 31, 2009) (applying California law and granting summary judgment on statute of limitations); *Head v. Eli Lilly & Co.*, 649 F. Supp. 2d 18 (E.D.N.Y. 2009) (applying Arizona law and granting summary judgment on learned intermediary doctrine), *aff'd*, 394 F. App'x 819 (2d Cir. 2010) (summary order); *Earl v. Eli Lilly & Co.*, 688 F.Supp.2d 130 (E.D.N.Y. 2009) (applying Alabama law and denying summary judgment); *Belcher v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 3597447 (E.D.N.Y. Oct. 16, 2009) (applying California law and granting summary judgment on statute of limitations), *aff'd*, 394 F. App'x 821 (2d Cir. 2010) (summary order); *Quirarte v. Eli Lilly & Co.*, No. 07-CV-1161, 2009 WL 3597194 (E.D.N.Y. Oct. 16, 2009) (applying Illinois law and granting summary judgment on learned intermediary doctrine); *Folse v. Eli Lilly & Co.*, No. 04-CV-1612, 2009 WL 3596526 (E.D.N.Y. Oct. 16, 2009) (applying Louisiana law and granting summary judgment on

learned intermediary doctrine); *Blume v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 3596982 (E.D.N.Y. Oct. 20, 2009) (applying California law and granting summary judgment on learned intermediary doctrine); *Guillen v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 5062114 (E.D.N.Y. Dec. 10, 2009) (applying California law and granting summary judgment on statute of limitations, learned intermediary doctrine, and other grounds), *aff'd*, 394 F. App'x 814 (2d Cir. 2010) (summary order); *Gove v. Eli Lilly & Co.*, No. 06-CV-2592, 2009 WL 5062109 (E.D.N.Y. Dec. 10, 2009) (applying Arizona law and granting summary judgment on statute of limitations, learned intermediary doctrine, and lack of causation), *aff'd*, 394 F. App'x 817 (2d Cir. 2010) (summary order); *Treuchel v. Eli Lilly & Co.*, No. 08-CV-01176, 2009 WL 5216930 (E.D.N.Y. Dec. 21, 2009) (applying Minnesota law and granting summary judgment on learned intermediary doctrine); *Gurovitsch v. Eli Lilly & Co.*, No. 08-CV-1408, 2009 WL 5125636 (E.D.N.Y. Dec. 29, 2009) (applying Minnesota law and denying summary judgment); *Brown v. Eli Lilly & Co.*, 08-CV-3249, 2010 WL 99391 (E.D.N.Y. Jan. 8, 2010) (applying Mississippi law and granting summary judgment on lack of causation); *Trimble v. Eli Lilly & Co.*, No. 06-CV-3457, 2010 WL 348276 (E.D.N.Y. Jan. 22, 2010) (applying Illinois law and granting summary judgment on learned intermediary doctrine); *Abitang v. Eli Lilly & Co.*, No. 06-CV-3456, 2010 WL 331793 (E.D.N.Y. Jan. 28, 2010) (applying Illinois law and granting summary judgment on statute of limitations); *Asbury v. Eli Lilly & Co.*, No. 06-CV-1593, 2010 WL 1292268 (E.D.N.Y. March 30, 2010) (applying Kansas law and granting summary judgment on statute of limitations); *Dixon v. Eli Lilly & Co.*, No. 09-CV-1012, 2010 WL 2039010 (E.D.N.Y. May 19, 2010) (applying New York law and granting summary judgment on statute of limitations); *Carpentier v. Eli Lilly & Co.*, 727 F.Supp.2d 101 (E.D.N.Y. 2010) (applying Oregon law and

granting summary judgment on statute of limitations); *Harvard v. Eli Lilly & Co.*, 2010 WL 3257712, No. 06-CV-5335 (E.D.N.Y. Aug. 16, 2010) (applying New Jersey law and denying summary judgment); *Gaskins v. Eli Lilly & Co.*, 2010 WL 4052913.No. 08-CV-5165 (E.D.N.Y. Oct. 14, 2010) (applying North Carolina law and granting summary judgment on learned intermediary doctrine); *Bartlett v. Eli Lilly & Co.*, No. 09-CV-1005 (E.D.N.Y. Oct. 22, 2010) (applying Washington law and granting summary judgment on causation); *Harris v. Eli Lilly & Co.*, No. 07-CV-2168, 2011 WL 182489 (E.D.N.Y. Jan. 20, 2011) (applying Mississippi law and granting summary judgment on learned intermediary doctrine); *Shepherd v. Eli Lilly & Co.*, No. 10-CV-1757, 2011 WL 2516333 (E.D.N.Y. June 23, 2011) (applying Oklahoma law and granting summary judgment on learned intermediary doctrine); *Sistrunk v. Eli Lilly & Co.*, No. 11-CV-2185, 2011 WL 3162698 (E.D.N.Y. July 26, 2011) (applying Alabama law and granting summary judgment on statute of limitations); *Rogart v. Eli Lilly & Co.*, No. 06-CV-2600, 2011 WL 4357319 (E.D.N.Y. Sept. 16, 2011) (applying Virginia law and granting summary judgment on statute of limitations).

### III. Factual and Procedural History

Plaintiff Linda Rutledge, forty-nine years of age, is a resident of Georgia. Pl.'s Fact Sheet 2 (Def.'s Ex. B). Plaintiff has a history of mental illness dating to 1992. Def.'s Local Rule 56.1 Stmt. of Undisputed Material Facts ("Def.'s Rule 56.1 Stmt.") ¶ 3. In 1999, after a psychotic episode, plaintiff was given lithium and Risperdal to control her symptoms. *Id.* ¶ 4-5. Additionally, in 1999, plaintiff developed high blood pressure. Pl.'s Fact Sheet 9-10 (Def.'s Ex. B).

Plaintiff first received Zyprexa on November 17, 1999, after her mental status did not improve on Risperdal. Def.'s Rule 56.1 Stmt. ¶ 7. Plaintiff continued taking Zyprexa until December 10, 1999, at which time Dr. Naymi Shaikh discontinued the medication due to concerns expressed by plaintiff's daughter about plaintiff's weight gain, swelling, and vomiting. *Id.* ¶ 8. On December 11, 1999, Rutledge was evaluated by Dr. Susan Blank at JFK Medical Center in Edison, New Jersey. *Id.* ¶ 9. Dr. Blank concluded that plaintiff was "clearly toxic from her lithium," *id.* ¶ 10 (internal quotation marks omitted), and, as a result of the diagnosis, plaintiff was admitted to the emergency room at JFK, where she was diagnosed with acute and chronic renal failure, *id.* ¶ 11. Plaintiff was discharged from JFK after being treated with dialysis. *Id.* ¶ 12.

Plaintiff initiated this case by filing a complaint in the United States District Court for the Eastern District of New York on August 9, 2010. Def.'s Ex. A.

## IV. Law

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999). Summary judgment is warranted when after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *see Anderson*, 477 U.S. at 247–50, 255; *Sledge v. Kooi*, 556 F.3d 137, 140 (2d Cir. 2009).

The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact. *See Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). If a moving party appears to meet this burden, the party opposing the motion must produce evidence that raises a question of material fact to defeat the motion. *See* Fed. R. Civ. P. 56(c). This evidence may not consist of "mere conclusory allegations, speculation, or conjecture." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996).

**B.   Governing Law**

A multidistrict litigation transferee court applies the choice of law and statute of limitations rules of the state in which the action was filed. *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). Because this action was originally commenced in New York, the principles on choice of law from that state apply.

Under New York law, the court applies interest analysis to determine which jurisdiction has the greatest interest in having its law applied to the case. *Padula v. Lilarn Properties Corp.*, 644 N.E.2d 1001, 1002 (N.Y. 1994). In this case, New Jersey law controls. Ms. Rutledge ingested Zyprexa while visiting her daughter in New Jersey and was treated in New Jersey. Neither New York nor Georgia has a significant interest in having their law applied in this case. New York has no interest in having its law applied, as the only connection that this case has with that state is the case's being filed in this court. Georgia's interest in having its law applied is similarly minimal, as none of the relevant events occurred in that state, and Georgia cannot legitimately expect its law to apply outside of its borders simply by virtue of one of its residents having traveled to another state. As the state with the greatest interest in this litigation, New Jersey law applies to Ms. Rutledge's claims.

C.  **Statute of Limitations**

Under New Jersey law, product liability suits are subject to a two-year statute of limitations. *See* N.J. Stat. Ann. § 2A:14-2 (2004). Because New Jersey has adopted the discovery rule, a cause of action "does not accrue until the plaintiff knows or should know that (1) she has suffered damages and (2) that the damages were caused by the fault of another." *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 458 n.18 (D.N.J. 2002).

V.  **Application of Law to Facts**

Ms. Rutledge's injuries, which were allegedly caused by her use of Zyprexa, were diagnosed in 1999 and 2000. Under New Jersey law, plaintiff's cause of action accrued when she knew or should have known that she had suffered injury and that the injury was allegedly caused by Zyprexa. Plaintiff should have known that she had potentially suffered injury from Zyprexa no later than December 1999, when her doctor discontinued her use of Zyprexa after plaintiff's daughter suggested that the swelling, weight gain, and vomiting suffered by plaintiff may have been caused by the medication. *See* Def.'s Rule 56.1 Stmt ¶ 8. Plaintiff did not file this suit until August 2010, well past the expiration of New Jersey's two-year statute of limitations.

VI.  **Conclusion**

For the reasons stated above, defendant's motion for summary judgment is granted. No costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: October 14, 2011
Brooklyn, New York